UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHAEL BECNEL                                          CIVIL ACTION

VERSUS                                                  NO. 23-2283

ADM GRAIN RIVER SYSTEM, INC.                            SECTION: "J"(4)

## ORDER AND REASONS

Before the Court is a *Motion to Remand* **(Rec. Doc. 12)** filed by Plaintiff Michael Becnel, an opposition thereto (Rec. Doc. 17) filed by Defendant, ADM Grain River System, Inc. ("ADM"), and a reply to the opposition filed by Plaintiff Becnel (Rec. Doc. 18). Having considered the motion, the legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED**.

## FACTS AND PROCEDURAL BACKGROUND

Plaintiff Becnel filed the original lawsuit against Defendant ADM on June 5, 2023 in the 40th Judicial District Court for the Parish of St. John the Baptist. Becnel is a resident of and domiciled in the state of Louisiana. Defendant ADM is a corporation domiciled in Delaware. Becnel alleges that on October 1, 2022, he was driving on LA Highway 44 when a Bobcat machine, operated by defendant Todd Carter, pulled out into the road in front of his vehicle, causing Becnel to brake and swerve off the road and into a ditch.

On June 6, 2023, Becnel filed a Petition for Damages in the 40th Judicial District Court, Parish of St. John the Baptist, State of Louisiana. In the petition, he does not allege a specific amount of damages but states that he suffered personal

1

injuries as a result of the alleged incident. In addition to damages based on his past, present, and future personal injuries, Becnel alleges that he has received, and will continue to receive, medical treatment on account of these injuries. Along with the petition, Becnel also provided ADM an interrogatory asking for the identity of the operator of the Bobcat machine that caused the accident.

ADM removed the case to this Court on June 29, 2023. On August 17, 2023, Becnel served another interrogatory inquiring as to the identity of operator of the Bobcat machine on ADM. On October 30, 2023, Defendant ADM responded to Becnel's interrogatory and identified Todd Carter as the operator of the Bobcat machine. Subsequently, on December 12, 2023, Plaintiff Becnel filed an Amended Complaint joining Carter as a defendant in this action. (Rec. Doc. 10).

In the instant motion to remand filed on December 22, 2023, Plaintiff Becnel avers that the joinder of Carter as a Defendant defeats the federal subject matter jurisdiction that Defendant ADM relied upon to remove this action to this Court. **(Rec. Doc. 12, at 1).** In opposition, Defendant ADM contends that diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court. (Rec. Doc. 17, at 1-2). ADM argues that Plaintiff Becnel's joinder of Carter is improper because Plaintiff is abusing judicial procedure as a litigation strategy. *Id.* at 3. Accordingly, Defendant ADM argues that this Court maintains its diversity jurisdiction over the action. *Id.* at 3.

## **LEGAL STANDARD**

A defendant may remove to federal court "any civil action brought in a State

court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "A federal district court has subject matter jurisdiction over a state claim when the amount in controversy is met and there is complete diversity of citizenship between the parties." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing 28 U.S.C. § 1332(a)). The Court considers the jurisdictional facts that support removal as of the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). Because removal raises significant federalism concerns, any doubt about the propriety of removal must be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

Complete diversity of citizenship exists when "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). A natural person who is a citizen of the United States and domiciled in a state is a citizen of that state. *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996). For purposes of diversity jurisdiction, a corporation is a citizen of (1) its state of incorporation and (2) the state in which its principal place of business is located. 28 U.S.C. § 1332(c)(1). The citizenship of limited liability companies, limited partnerships, and other unincorporated associations or entities is determined by the citizenship of all of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "A federal district court has subject matter jurisdiction over a state claim when the

amount in controversy is met and there is complete diversity of citizenship between the parties." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing 28 U.S.C. § 1332(a)). The amount in controversy required by § 1332(a) is currently $75,000. *Id.* The court considers the jurisdictional facts that support removal as of the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

Section 1441(b) specifies that an action otherwise removable solely on the basis of diversity jurisdiction may not be removed if any "properly joined" defendant is a citizen of the state in which the action was brought. 28 U.S.C. § 1441(b)(2). Thus, a properly joined in-state defendant will prevent removal, but an improperly joined in-state defendant will not. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004).

The party seeking removal bears a heavy burden of proving that the joinder of the in-state defendant was improper. *Id.* at 574. The Fifth Circuit has recognized two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party." *Id.* at 573 (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)). To establish improper joinder where there is no allegation of actual fraud the defendant must demonstrate that there is no possibility of recovery by the plaintiff against any in-state defendant, which stated differently means that there is no reasonable basis to predict that the plaintiff might be able to recover against an in-state defendant. *Id.* "A 'mere theoretical possibility of recovery under local law' will

4

not preclude a finding of improper joinder." *Id.* at 573 n.9 (quoting *Badon v. RJR Nabisco Inc.*, 236 F.3d 282, 286 (5th Cir. 2000)).

A court should ordinarily resolve the issue by conducting a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendants. *Id.* at 573. The federal pleading standard governs whether a plaintiff has stated a claim against a nondiverse defendant for purposes of the improper joinder analysis. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, No. 14-20552, 2016 WL 1274030, at *3 (5th Cir. Mar. 31, 2016). Where a plaintiff has stated a claim but has misstated or omitted discrete and undisputed facts that would preclude recovery, the Court may, in its discretion, pierce the pleadings and conduct a summary inquiry. *Smallwood*, 385 F.3d at 573. Because the purpose of the improper joinder inquiry is to determine whether the in-state defendant was properly joined, the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case. *Id.*

## DISCUSSION

In the instant motion to remand, Becnel argues that the joinder of Todd Carter, a resident of Louisiana, destroys this Court's federal subject matter jurisdiction over the action due to the lack of diversity jurisdiction. (Rec. Doc. 12, at 1). Defendant ADM argues that remand is unnecessary because Carter was improperly joined by Plaintiffs. (Rec. Doc. 17, at 3). Further, Defendant ADM argues that diversity jurisdiction is determined at the time of filing and removal and is not affected by later joinders that potentially violate diversity jurisdiction. *Id.* at 1.

A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. §1441(a). The Court considers the jurisdictional facts that support removal as of the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883. The removing party bears the burden of showing that federal jurisdiction exists. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). A district court must use its discretion when considering whether to allow a non-diverse defendant to be added under §1447(e). *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). In *Hensgens*, the Fifth Circuit determined that district courts should consider the following factors in balancing the defendant's interest in keeping the action in federal court against the plaintiff's desire to remand: (1) the extent to which the purpose of the amendment is to defeat diversity; (2) whether the plaintiffs have been dilatory in requesting an amendment; (3) whether the plaintiffs will be prejudiced if the amendment is denied; (4) and any other factors bearing on the equities. *Id.* at 1182. If, after balancing these factors, the Court determines that the addition of a nondiverse defendant is warranted, it must remand the action due to a lack of diversity jurisdiction. *Id.*

Reviewing the *Hensgens* factors and applying them here, the Court finds that remand is appropriate. As to the purpose of adding Carter as a defendant, the Amended Complaint indicates that Plaintiff only became aware of Carter's role as the operator of the Bobcat machine on October 30, 2023. Plaintiff moved to amend the complaint on December 12, 2023 and on December 22, 2023 moved for remand to

6

state court on the basis that this Court did not have federal diversity jurisdiction. Courts assessing the first *Hensgens* factor consider whether the plaintiff knew of the identity of the non-diverse defendant prior to removal which would indicate that the plaintiff's primary purpose in seeking an amendment was to destroy diversity jurisdiction. *Kelly v. HoMedics, Inc.*, No. 23-315, 2023 WL 8016066 at 3 (E.D. La. Nov. 20, 2023). Here, the plaintiff did not know of the identity of the non-diverse defendant until after removal, because ADM did respond to Becnel's interrogatory until October 30, 2023. (Rec. Doc. 18, at 2). Because the identity of the Bobcat machine's operator only became known to Becnel after repeated interrogatory requests to ADM, ADM's argument that Becnel's joining of Carter as a defendant is improper is unavailing.

The second *Hensgens* factor asks whether the plaintiff has been dilatory in requesting an amendment. After becoming aware of Carter's identity as the operator of the Bobcat machine from Defendant ADM's response to their interrogatories on October 30, 2023, Plaintiff Becnel filed an amended complaint joining Carter on December 12, 2023 (Rec. Doc. 10). Given that Becnel would not have been able to know of Carter's status as the Bobcat machine operator before October 30, 2023, the subsequent filing of the amended complaint on December 12, 2023 is reasonable and not unduly dilatory.

The third *Hensgens* factor asks if the plaintiff would be unduly prejudiced if the amendment to the complaint is denied. Specifically, courts often assess whether there would be a significant financial burden on plaintiffs to maintaining two parallel lawsuits arising out of the same facts. *Kelly v. HoMedics, Inc.*, No. 23-315 at 4.

Although Plaintiff's damages are uncertain, the denial of this motion would force Plaintiff into commencing a separate state action against Carter in addition to this action originally asserted against Defendant ADM. In this way, Plaintiff Becnel could be unduly prejudiced by this Court's denial of the amendment and this Court determines that the *Hensgens* factor weighs in favor of the joining Carter.

Defendant ADM argues that Carter was improperly joined in this action in order to manipulate these proceedings to Plaintiff's advantage. 28 U.S.C. §1441(b) states that an action that is removable due to diversity jurisdiction cannot be removed if there is a "properly joined" defendant who is a citizen of state in which the action is brought. In assessing the existence of an improper joinder, Courts look to two methods: conducting a Rule 12(b)(6)-type analysis to determine whether the allegations in the complaint state a claim under state law against the in-state defendant or engaging in a summary inquiry analyzing whether there are facts that preclude plaintiff's recovery from the in-state defendant. In determining whether a Plaintiff is able to establish a cause of action, the defendant must demonstrate "that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 352 F.3d at 222.

Here, there is a reasonable basis for this Court to find that Plaintiff Becnel would be able to recover against Carter for Carter's actions piloting the Bobcat machine that caused Becnel to allegedly swerve off the road and crash into a ditch. Further, given Carter's central role in the facts underlying this action, there are no facts that preclude recovery against Carter in this action. Accordingly, the Court finds

that Becnel's joinder of Carter is not an improper joinder as argued by ADM.

Considering the *Hensgens* factors and finding that the joinder of Todd Carter was not improper, the Court holds that complete diversity no longer exists between the parties and that this action must be remanded due to lack of subject matter jurisdiction.

## **CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's *Motion to Remand* **(Rec. Doc. 12)** is **GRANTED** and this case shall be remanded to the 40th Judicial District Court for the Parish of St. John the Baptist.

New Orleans, Louisiana, this 16th day of February, 2024.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE